1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TRANSAMERICA LIFE INSURANCE              No.  2:14-cv-2314 MCE AC
    COMPANY,
12
                    Plaintiff-in-Interpleader,
13                                           FINDINGS AND RECOMMENDATIONS

14         v.

15  CAROLYN YOUNG, as trustee of the
    ALVIN M. WHEELER REVOCABLE
16  TRUST; et al.,

17                   Defendants-in-
                     Interpleader.
18

19         Plaintiff-in-Interpleader ("plaintiff") moves for the entry of a default judgment against

20  defendant-in-interpleader ("defendant") Linda Wilson.  This proceeding was referred to this court

21  by Local Rule 302(c)(19) (motions for entry of default judgment under Fed. R. Civ. P. 55(b)(2)).

22         Alvin M. Wheeler (the "decedent"), is the late father of defendants-in-interpleader

23  ("defendants") James E. Wheeler, Daniel M. Wheeler, Patricia Smith and Linda Wilson.  The

24  Alvin M. Wheeler Revocable Trust ("the Trust") is a trust that the decedent established during his

25  lifetime; defendant Carolyn Young is the Trustee, and is sued in that capacity.  Plaintiff insurance

26  company issued a life insurance policy ("Policy") on the decedent's life, which was in effect at

27  the time of his death on May 5, 2014.  Plaintiff admits its liability under the Policy in the amount

28  of $86,525.56, plus interest, but is unable to determine who among the several defendants is

                                        1

1  entitled to receive the proceeds.

2  I.  PROCEDURAL BACKGROUND

3  On October 3, 2014, following the California procedure applicable to these interpleader

4  actions, plaintiff deposited $87,241.47 into the registry of the court (presumably $86,525.56 plus

5  interest to the date of the deposit).  See Cal. Civ. Proc. Code § 386(c) (plaintiff may deposit

6  "[a]ny amount which a plaintiff . . . admits to be payable . . . with the clerk of the court at the time

7  of the filing of the complaint . . . in interpleader without first obtaining an order of the court

8  therefor") .  On April 16, 2015, plaintiff filed an amended interpleader complaint naming all the

9  actual and potential claimants to the Policy proceeds as defendants-in-interpleader.

10  The court exercises diversity jurisdiction over this state-law matter.  28 U.S.C.

11  § 1332(a)(1).[1]

12  Plaintiff has filed Linda Wilson's Waiver of the Service of Summons.  It appears that all

13  other defendants have been served.[2]  The time for Wilson to respond to the complaint has

14  expired.[3]  Plaintiff filed this Motion for Default Judgment ("Motion") against Wilson on August

15  25, 2015, about a month after Wilson's time to respond had expired.  Plaintiff also served Wilson

16  with the default judgment motion.

17  II.  LEGAL STANDARDS

18  A.  Motion for Default Judgement

19  The Federal Rules of Civil Procedure provide for the court-ordered entry of a default

20  judgment following the entry of a default by the Clerk of the Court.  Fed. R. Civ. P. 55(a), (b)(2);

21  see Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (distinguishing Clerk's entry of default

22  under Rule 55(a) from court's entry of default judgment under Rule 55(b)).  It is within the sound

23  discretion of the district court to grant or deny an application for default judgment.  Aldabe v.

24  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).  "'The general rule of law is that upon

---

[1]  Federal interpleader jurisdiction does not apply here, as the claimants are not diverse.  See 28 U.S.C. § 1335(a)(1).

[2]  According to plaintiff, the remaining defendants (that is, all except Wilson), have "reached an agreement for payment of the Policy proceeds."  Motion at 10.

[3]  At the hearing on this matter, plaintiff's counsel represented that he had spoken to Wilson about this matter but that at some point she stopped returning his calls.

1  default the factual allegations of the complaint, except those relating to the amount of damages,

2  will be taken as true.'"  TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th

3  Cir. 1987) (per curiam) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th

4  Cir. 1977) (per curiam)).  Those well-pleaded factual allegations must be sufficient to establish

5  plaintiff's entitlement to a judgment under the applicable law.  DIRECTV, Inc. v. Hoa Huynh,

6  503 F.3d 847, 855 (9th Cir. 2007) (district court properly refused to grant default judgment where

7  the complaint failed to state violations of the relevant statute), cert. denied, 555 U.S. 937 (2008);

8  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) ("claims which are

9  legally insufficient, are not established by default").

10      Even when a default judgment is warranted, the propriety of its entry is committed to the

11  sound discretion of the court.  Eitel, 782 F.2d at 1471 (although all requirements for default

12  judgment were met, "[t]he denial of a default judgment here was within the court's discretion").

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

18  Eitel, 782 F.2d at 1471-72.

19      B.  Interpleader Action Under Cal. Civ. Proc. Code § 386(b)

> Any person, firm, corporation, association or other entity against whom double or multiple claims are made, or may be made, by two or more persons which are such that they may give rise to double or multiple liability, may bring an action against the claimants to compel them to interplead and litigate their several claims.

23  Cal. Civ. Proc. Code § 386(b).  Once the plaintiff "admits liability and deposits the money with

24  the court, he or she is discharged from liability and freed from the obligation of participating in

25  the litigation between the claimants."  City of Morgan Hill v. Brown, 71 Cal. App. 4th 1114, 1122

26  (6th Dist. 1999).  "The purpose of interpleader is to prevent a multiplicity of suits and double

27  vexation" in respect to one liability.  Id. at 1122 (citing Hancock Oil Co. of Cal. v. Independent

28  Distributing Co., 24 Cal. 2d 497, 510 (1944)).

III.  ANALYSIS

A.  Procedural Requirements

Plaintiff has satisfied the procedural requirements predicate to this court's entry of a default judgment.  As discussed above, plaintiff filed a Waiver of the Service of Summons executed by Wilson.  See ECF No. 21.  Wilson failed to answer or otherwise respond to the summons and complaint within the 60 days allotted.  Upon application by plaintiff (ECF No. 26), the Clerk of the Court properly entered a default against Wilson pursuant to Fed. R. Civ. P. 55(a). See ECF No. 27.  Plaintiff then filed the current motion for default judgment, showing proper service of the summons and complaint, Wilson's failure to respond, and the entry of default.  See ECF No. 28.  The motion further avers that Wilson is not a minor, incompetent person, in military service or otherwise exempt from default judgment.  See ECF No. 28.  Finally, the motion complies with Fed. R. Civ. P. 54(c) in that it requests a remedy that is not different in kind from that prayed for in the Complaint.  Thus, the court, in its discretion, may order a default judgment against Wilson based on the Eitel factors, outlined below.

B.  Eitel Factors

1.  Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  Here, plaintiff would be prejudiced if the court did not enter a default judgment, since plaintiff would be without another recourse for relief.  See PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Accordingly, the first Eitel factor favors the entry of default judgment.

2.  Factors Two and Three: The Merits and the Sufficiency of the Complaint

The undersigned considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together because of the relatedness of the two inquiries.  The undersigned must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Cripps, 980 F.2d at 1267 ("claims which are legally insufficient, are not established by default").

4

Plaintiff states a claim for interpleader where it alleges that (1) the proceeds of the Policy are claimed, or may be claimed, by all the parties against whom relief is demanded, and (2) plaintiff is a "disinterested stakeholder" in that it does not claim any interest in the proceeds of the Policy. See Hancock Oil Co., 24 Cal. 2d at 502-03 (setting out common law elements as modified by Section 386(b)); Pacific Loan Management Corp. v. Superior Court, 196 Cal. App. 3d 1485, 1489 (6th Dist. 1987) (the interpleader statute "requires only that the stakeholder file a verified pleading disclaiming any interest in the money or property claimed").[4]

### a. Conflicting actual or potential claims

According to the complaint, each defendant, including Wilson, has made a claim for the proceeds of the Policy, or has a potential claim for the proceeds of the Policy.[5] The interpleader statute may be used where multiple claims "are made, *or may be made*" against the Policy proceeds. See Cal. Civ. Proc. Code § 386(b) (emphasis added). In particular, Wilson, as a daughter and heir to decedent, is a "potential beneficiar[y] of Alvin M. Wheeler's estate," of which the Policy proceeds are, or potentially are, a part. See Complaint ¶ 38.

### b. Disinterested stakeholder

Plaintiff admits that it is obligated to pay out the policy proceeds, plus interest. Complaint

---

[4] The two additional elements of the common law claim were removed when Section 386(b) was enacted. The common law requirement that "all of the adverse titles or claims must be dependent, or be derived from a common source," is no longer an element of the claim. Hancock Oil Co., 24 Cal. 2d at 503 (the statute "directly abrogates the common law requirement that all the adverse titles or claims must be dependent or be derived from a common source"). The requirement that the plaintiff "must have incurred no independent liability" to any of the claimants, is also no longer an element of the claim. Pacific Loan, 196 Cal. App. 3d at 1489 ("[t]he true test of suitability for interpleader is the stakeholder's disavowal of interest in the property sought to be interpleaded, coupled with the perceived ability of the court to resolve the entire controversy as to entitlement to that property without need for the stakeholder to be a party to the suit," so that "[i]f a claimant of these funds also has an independent right of action against the stakeholder, he is free to sue him separately").

[5] See Complaint ¶¶ 33 ("Carolyn Young seeks the Policy benefits on behalf of the Trust"), 35 (James E. and Daniel M. Wheeler "claim to be entitled to the Policy benefits as beneficiaries of the Trust"), 36 ("James E. Wheeler alternatively claims to be entitled to the Policy benefits based on the December 9, 2009 beneficiary designation"), 37 ("Daniel M. Wheeler alternatively claims to be entitled to the Policy benefits based on the original August 5, 2009 beneficiary designation in the Application"), 38 (the decedent's daughters, "Patricia Smith and Linda Wilson are potential beneficiaries of Alvin M. Wheeler's estate").

¶ 45.  It further alleges that it "claims no interest in the Policy Proceeds," and "is a mere stakeholder in this action."  Complaint ¶ 44.

Plaintiff has accordingly alleged facts sufficient to support an interpleader claim against Wilson.

### 3.  Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  The money at stake in this litigation is the $87,241.47 which plaintiff has deposited with the court.  However, it is not clear whether this sum favors or disfavors default judgment, since the judgment sought is only to enjoin Wilson from suing *plaintiff* over the money.  The proposed default judgment does not purport to preclude plaintiff from making a claim for the money as against the other defendants, and no party has briefed the court on how a default judgment here would, or would not, affect Wilson's ability to make a claim for the funds *against the other defendants*.

### 4.  Factor Five: The Possibility of a Dispute Concerning Material Facts

The underlying facts involving the various iterations of the trust and the Policy, and the state court litigation about them, are a bit convoluted.  See Complaint ¶¶ 11-39.  However, the basic fact that each of the defendants is now an actual or potential claimant to the funds does not appear to be subject to any dispute.  Assuming the truth of the well-pleaded facts in the complaint, each of the defendant children of the decedent, as well as and the Trustee of the Trust, all have actual or potential claims on the proceeds of the Policy, and the plaintiff has no claim on the proceeds.

### 5.  Factor Six: Whether the Default Was Due to Excusable Neglect

Upon review of the record before the Court, and based upon the representations of plaintiff's counsel at the hearing, the undersigned finds that the default was not the result of excusable neglect.  Plaintiff properly served Wilson with the summons and complaint.  Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, Wilson has not appeared in this action to date.  In addition, plaintiff's counsel has communicated with Wilson by

1   telephone about the case, but Wilson at some point stopped returning counsel's calls.  Thus, the

2   record suggests that defendant has simply chosen not to defend this action.  Accordingly, this

3   Eitel factor favors the entry of a default judgment.

4               6.  Factor Seven: Policy Favoring Decisions on the Merits

5           "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

6   F.2d at 1472.  However, where a defendant's failure to appear "makes a decision on the merits

7   impracticable, if not impossible," entry of default judgment is warranted.  Pepsico, Inc., 238 F.

8   Supp. 2d at 1177.  Therefore, where as here, defendants have failed to appear or respond –

9   making a decision on the merits impossible – the entry of default judgment is warranted, as

10  district courts have concluded with regularity.  See, e.g., Microsoft Corp. v. Nop, 549 F. Supp. 2d

11  1233, 1237 (E.D. Cal. 2008) (England, J.) ("defendant's failure to appear and defend against

12  plaintiff's claims has made a decision on the merits impossible in this case"); Craigslist, Inc. v.

13  Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (same).  Accordingly, although

14  the undersigned is cognizant of the policy in favor of decisions on the merits – and consistent

15  with existing policy would prefer that this case be resolved on the merits – that policy does not,

16  by itself, preclude the entry of default judgment.

17                          III.  CONCLUSION

18          For the reasons stated above, IT IS HEREBY RECOMMENDED that:

19          1.  Plaintiff's motion for default judgment against defendant Linda Wilson (ECF No. 14),

20  be GRANTED.

21          2.  The court APPROVE the proposed judgment submitted by plaintiff (ECF No. 28-4);

22  and

23          3.  Plaintiff be ORDERED to file dispositional documents within 30 days of the entry of

24  the default judgment, based upon its representation that all remaining defendants have "reached

25  an agreement for payment of the Policy proceeds."

26          These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days

28  after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

2  document should be captioned "Objections to Magistrate Judge's Findings and

3  Recommendations."  Any response to the objections shall be filed with the court and served on all

4  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

5  objections within the specified time may waive the right to appeal the District Court's order.

6  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

7  (9th Cir. 1991).

8  DATED:  October 13, 2015

9  _____

   ALLISON CLAIRE

10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28